Adelaida SALES ASUNCION, aka Lucina Sales, aka Marina Sales; et al., Petitioners,

v.

Alberto GONZALES, Attorney General,* Respondent.

No. 03–73688.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 14, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gordon T. Yang, Esq., Maile M. Hirota, Esq., Lynch, Ichida, Thompson & Kim, Honolulu, HI, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Attorney, Carol Federighi, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Adelaida Sales Asuncion and her husband, Ladislao Eda Asuncion, natives and citizens of the Philippines, petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal of an Immigration Judge's ("IJ") order finding them removable under 8 U.S.C. § 1227(a)(1)(A) for knowingly aiding and abetting another alien to enter the United States in violation of the law, which rendered them inadmissible under 8 U.S.C. § 1182(a)(6)(E)(i). Petitioners contend that they were deprived of their Fifth Amendment right to due process because they received ineffective assistance of counsel, and the government obtained and used evidence against them in a fundamentally unfair manner. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process challenges, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

We reject petitioners' contention that they received ineffective assistance of counsel because they have not shown that

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

their attorneys' alleged conflict of interest or attorney Singh's alleged disclosure of privileged communications from a former client prejudiced them. *See id.* at 899 ("To show a deprivation of due process caused by ineffective assistance of counsel, the alien must show that counsel's ineffective performance prejudiced her."). Because substantial evidence independent of any that Singh may have provided to the former Immigration and Naturalization Service ("INS") supports the finding that petitioners knowingly aided and abetted the illegal entry of other aliens, they did not establish that their counsel's alleged errors affected the outcome of the proceedings. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceeding[.]").

 We are not persuaded by petitioners' contention that their right to due process was violated by the admission of INS Special Agent Lasack's testimony and documentary evidence that he obtained during his investigation. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 823 (9th Cir.2003) (sole test for admission of evidence in immigration proceedings "is whether the evidence is probative and its admission is fundamentally fair") (quotation omitted). Petitioners had the opportunity to cross-examine Lasack, and they did not present any contrary evidence to cast doubt on his testimony. Therefore, they have not shown that admission of this evidence was fundamentally unfair. *Id.* at 823–24 (rejecting due process challenge to admission of hearsay evidence where petitioner had the opportunity to cross-examine government agent and failed to cast doubt on the relia-

bility of the government's evidence by presenting contrary evidence).

We lack jurisdiction to consider petitioners' contentions that (1) the evidence was insufficient to prove that they acted knowingly to aid and abet the illegal entry of other aliens; and (2) they are entitled to relief under 8 U.S.C. § 1182(k) because petitioners failed to raise these issues in their appeal to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (exhaustion of administrative remedies is mandatory and jurisdictional).

Petitioners' remaining contentions lack merit.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.